IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATHANIEL GRANT DAUGHTRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-0217-P |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Nathaniel Grant Daughtry, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be denied.

I.

Petitioner was convicted of robbery and sentenced to 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Daughtry v. State*, No. 11-01-00329-CR (Tex. App.--Eastland, Sept. 18, 2003, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Daughtry*, No. 59,008-01 (Tex. Crim. App. Nov. 10, 2004). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; and (2) the jury charge was defective.

A.

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* Pub.L. 104-132, 110 Stat. 1214 (1996). Where, as here, a state court has already rejected the claims raised by petitioner, a federal court may grant habeas relief only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). An unreasonable application of clearly established federal law is one in which "the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*, 120 S.Ct. at 1523; *see also Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 124 S.Ct. 2160 (2004). Stated differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" *Wiggins v. Smith*, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), *quoting Lockyer v. Andrade*, 538 U.S. 63, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.2d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *Chambers v. Johnson*, 218 F.3d 360, 363

(5th Cir.), *cert. denied*, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1).

B.

Petitioner first contends that the evidence was insufficient to prove that he "knowingly and intentionally caused bodily injury to the complainant" in the course of committing theft--an essential element of robbery under Texas law. While petitioner admits to stealing a VCR from the Wilshire Baptist Church, he denies any intent to injure Melinda Patino, a custodian who encountered petitioner as he tried to leave the building.

1.

To the extent petitioner challenges the factual sufficiency of the evidence to support his robbery conviction, such a claim is not cognizable under 28 U.S.C. § 2254. Under Texas law, intermediate appellate courts have the authority to review fact questions in criminal cases. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). This "factual sufficiency" review of the evidence is broader than a "legal sufficiency" challenge under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *Id.* Instead of viewing the evidence in the light most favorable to the prosecution and determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," a factual sufficiency inquiry views all the evidence to determine whether the verdict "is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Pruitt v. Cockrell*, 2001 WL 1115339 at *13 (N.D. Tex. Sept. 14, 2001), *quoting Clewis*, 922 S.W.2d at 129. The power of state appellate courts to review the factual sufficiency of the evidence derives from Texas statutory and constitutional authority. *Id.* at *14, *citing Clewis*, 922 S.W.2d at 129-30, *and Bigby v. State*, 892 S.W.2d 864, 874-

75 (Tex. Crim. App. 1994), *cert. denied*, 115 S.Ct. 2617 (1995). There is no corresponding right of review under the United States Constitution. *Id.*; *see also Daisy v. Dretke*, 2004 WL 3167743 at *2 (N.D. Tex. Dec. 21, 2004); *Tanksley v. Dretke*, 2004 WL 1109458 at *2 (N.D. Tex. May 13, 2004), *rec. adopted*, 2004 WL 1238224 (N.D. Tex. Jun. 3, 2004); *Warren v. Cockrell*, 2002 WL 32167729 at *2 (N.D. Tex. Dec. 30, 2002); *Cupples v. Cockrell*, 2002 WL 1155826 at *5 (N.D. Tex. May 29, 2002); *Osteen v. Cockrell*, 2002 WL 356568 at * 7 (N.D. Tex. Feb. 28, 2002).

2.

Petitioner appears to argue that the evidence was legally insufficient to prove that he intended to cause bodily injury to another while in the course of committing theft.[1] Federal habeas review of a legal sufficiency claim is extremely limited. A federal court may not disturb a state criminal conviction unless no rational trier of fact could have found the elements of the offense beyond a reasonable doubt. *Jackson*, 99 S.Ct. at 2789; *Gibson v. Collins*, 947 F.2d 780, 781 (5th Cir. 1991), *cert. denied*, 113 S.Ct. 102 (1992). The evidence must be viewed in the light most favorable to the verdict. *Jackson*, 99 S.Ct. at 2789; *Gibson*, 947 F.2d at 781. This standard of review applies in both direct and circumstantial evidence cases. *Schrader v. Whitley*, 904 F.2d 282, 287 (5th Cir.), *cert. denied*, 111 S.Ct. 265 (1990).

Federal courts are bound by state statutes and case law in determining the elements of an offense. *Foy v. Donnelly*, 959 F.2d 1307, 1314 (5th Cir. 1992). Under Texas law, a person commits the offense of robbery if, in the course of committing theft and "with the intent to obtain or maintain

---

[1] Respondent counters that petitioner's legal sufficiency claim is procedurally barred from federal habeas review because the issue was not raised on direct appeal. (*See* Resp. Ans. at 6-8). Although a federal court may not consider the merits of a habeas claim if a state court has denied relief due to a procedural default, the state court opinion must contain a "plain statement" that its decision rests on adequate and independent state grounds. *Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct 1038, 1043, 103 L.Ed.2d 308 (1989); *Smith v. Collins*, 977 F.2d 951, 955 (5th Cir. 1992), *cert. denied*, 114 S.Ct. 97 (1993). Here, the state habeas court considered petitioner's legal sufficiency claim on the merits. (*See* St. Hab. Tr. at 36-37, ¶ 1). This court will do the same.

control of the property, he . . . intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02(a)(1) (Vernon 2003).

Petitioner was charged with knowingly and intentionally causing bodily injury to Melinda Patino, "by pushing said complainant with a bag and defendant's hands." (St. App. Tr. at 2). At trial, Patino testified that petitioner pushed her with his hand and a bag containing the stolen VCR. (St. Trial Tr. at 24-25). Patino lost her balance and started to fall. (*Id.* 25-26). When Patino called for help, petitioner told her to "shut up, don't say anything, because if you say something I will come back to hurt you." (*Id.* at 28). Patino testified that she was scared and emotionally upset as a result of this incident. She also suffered physical injuries to her wrist, shoulder, and leg. (*Id.* at 33-35). Although petitioner contends that he accidently bumped into Patino and never had any intent to harm her, the evidence presented at trial was more than sufficient to enable the jury to find otherwise. This ground for relief is without merit and should be overruled.

C.

Petitioner also complains that the jury charge was defective. At issue are two instructions contained in the charge. One instruction informs the jury that "[a] person's intent may be inferred by acts done, words spoken, or by both." (St. App. Tr. at 34). The other instruction provides, "It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all 'reasonable doubt' concerning defendant's guilt." (*Id.* at 37). According to petitioner, the first instruction was "biased" against him and the second instruction "watered down" the requirement of proof beyond a reasonable doubt.

To the extent petitioner attempts to state a federal constitutional claim, respondent properly points out that he is procedurally barred from doing so. A federal court may not consider the merits of a habeas claim if the petitioner has failed to exhaust state remedies and the state court would

likely dismiss a successive writ under Tex. Code. Crim. Proc. art. 11.07, § 4.[2] *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) (procedural default occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred"); *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir.), *cert. denied*, 118 S.Ct. 1793 (1998); *Nobles v. Johnson*, 127 F.3d 409, 422 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 1845 (1998). Such is the case here. Although petitioner challenged the jury charge on direct appeal and state collateral review, he did so on *state* grounds. Petitioner never argued that the instruction allowing the jury to infer intent and the reasonable doubt instruction violated any *federal* constitutional right. *See Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (in order to satisfy exhaustion requirement, "[a]n applicant must fairly apprise the highest court of his state of the *federal rights* which were allegedly violated") (emphasis added). The court finds that a Texas court, presented with these claims for the first time in a successive writ, would likely find them barred under article 11.07. Consequently, federal habeas relief is not proper.[3]

---

[2] This statute provides, in pertinent part:

> If a subsequent application for writ of habeas corpus is filed after final disposition of an initial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that:
>
> (1)    the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)    by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005).

[3] To the extent petitioner contends the jury instructions are improper under Texas law, such a claim is not cognizable on federal habeas review. *See Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir.), *cert. denied*, 122 S.Ct. 329 (2001).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 8, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE